# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANNA PRESSLEY,

       Plaintiff,

    v.                                   Case No. 08-C-905

SGT. WRIGHT,

       Defendant,

## ORDER

The plaintiff, Anna Pressley, who is proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §1915(b)(1).

By order dated October 27, 2008, the plaintiff was ordered to forward to the Clerk of Court by November 17, 2008, the sum of $3.07 as an initial partial filing fee in this action. The plaintiff was advised that, upon payment of this fee, the court would determine whether the action can proceed in forma pauperis. On November 24, 2008, the plaintiff filed a Wisconsin Department of Corrections Trust Account Statement which is subtitled "Bi-Weekly Canteen Statement" and shows account activity from November 1, 2008 through November 7, 2008. On the bottom of the page, the plaintiff writes, "I don't understand where the courts figured I get $15.00 a month (because I don't). I get $4.00 every 2 weeks which means I get $8.00 a month. Now and then my family sends me some money, but I'm mainly living off state pay."

The initial partial filing fee is collected pursuant to statute. See 28 U.S.C. §1915(b)(1) ("The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law,

an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal"). The court's Order of November 17, 2008 assessed the initial partial filing fee under that statute.[1] The question of how a prisoner's filing fee is to be collected is determined entirely by the PLRA and is outside the prisoner's and the prison's control once the prisoner files a complaint or notice of appeal. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). Thus, to the extent that the plaintiff argues that she should not required to pay the $3.07 initial partial filing fee, the request will be denied.

In addition, the court notes that on January 7, 2009, identical Orders were issued in this case and in the plaintiff's Case Number 08-C-903.[2] The court stated that because the complaint allegations were identical except for the defendant named in each case, the plaintiff could file an amended complaint in Case Number 08-C-903 naming both defendants and a notice of voluntary dismissal in this case. The plaintiff did not file such a notice.

---

[1] The plaintiff filed a certified copy of her prisoner trust account statement for the 6-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). This account statement shows the activity in the plaintiff's prison account for the past 6 months.

A review of this information reveals that, for the 6-month period immediately preceding the filing of the complaint, the average monthly deposit to the plaintiff's prison account was $15.34 and the average monthly balance to the account was $10.54. Thus, in accordance with the provision of 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay an initial partial filing fee of $3.07. The plaintiff shall pay the initial partial filing fee of $3.07 to the clerk of this court within 21 days of the date of this order.

(Court's Order of Oct. 27, 2008, at 2.)

[2] The plaintiff timely paid the $3.07 initial partial filing fee assessed in Case Number 08-C-903.

2

To date the plaintiff has not paid the initial partial filing fee. From this failure to pay the initial partial filing fee this court infers that the plaintiff no longer wants to prosecute this action. Therefore, the court will dismiss this case without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that this action be and hereby is dismissed without prejudice for failure to prosecute.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 18 day of March, 2009.


/s_____
LYNN ADELMAN
District Judge